## RICHARDS *v.* CARL.

It was agreed between *A.* and *B.*, that the former should furnish the latter with a *specified quantity* of various enumerated articles; and that the latter should pay the former 200 dollars for them at a future time. *A.* sued for the money—averring the delivery of the kinds of articles agreed for to the value of 200 dollars, and their receipt by *B.* in full satisfaction of the agreement; but the *particular quantity* of the articles furnished was not stated. *Held,* that the performance of the precedent condition was averred with sufficient certainty.

Where there is a precedent condition, its performance or that which is equivalent must be shown.

An accord and satisfaction as to a precedent condition is equivalent to a performance.

ERROR to the *Jackson* Circuit Court.

HOLMAN, J.—*Richards* and *Carl* covenanted with each other as follows: *Richards* was to furnish *Carl* with one-third of a boat, and to deliver to him in said boat 2,000 lbs. of pork, and 2,000 lbs. of beef more or less, 15 dozen chickens, 100 dozen candles more or less, 10 bushels of corn, one-third of a barrel of whiskey, and the remainder in staves, to complete one-third of the load of said boat. In consideration of which, *Carl* covenanted to pay him 200 dollars at a future day. For the performance of these covenants, they bound themselves to each other in the sum of 400 dollars. On this obligation, *Richards* brought an action of debt for the penalty. In his declaration he sets forth the agreement, and avers that he delivered to *Carl* one-third of said boat, and therein a quantity of pork, beef, chickens, candles, corn, whiskey, and staves, of the value of 200 dollars, in satisfaction of his said covenant to deliver certain quantities of said articles; which said boat and articles were received by *Carl* in full satisfaction of the said covenant: and assigns the breach, that *Carl* had not paid the 200 dollars, *Carl* demurred and had judgment.

*Friday, November 12.*

40

Where there is a precedent covenant, its performance or an equivalent must be shown. Accord and satisfaction is equivalent to a performance. So that the only question here is, whether the averment of the delivery of one-third of a boat, and a quantity of pork, beef, &c. as set forth, amounts to a legal accord and satisfaction. The ground assumed for rendering this questionable, is, that the quantity of the several articles delivered is uncertain. But this uncertainty as to the quantity of any or all of these articles, is rendered immaterial by the averment of their value. If an action had been brought by *Carl*, for the non-delivery of the articles mentioned in the covenant, the facts contained in this averment, would amount to a good plea of accord and satisfaction. The value of the articles shows that they were a good satisfaction, and equivalent to the undertaking; and, as they are here averred to have been delivered and received as a satisfaction, they are equivalent to a performance of the precedent covenant, and entitle the plaintiff to his action.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the demurrer are set aside, with costs. Cause remanded, with directions to permit the defendant to withdraw his demurrer, and plead to the action, &c.

*Nelson*, for the plaintiff.
*Moore*, for the defendant.